UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL POWELL,

        Plaintiff,

    v.

STATE OF CALIFORNIA, et al.,

        Defendants.

Case No. 26-cv-00827-JST

**ORDER SCREENING AND DISMISSING AMENDED COMPLAINT WITH PREJUDICE**

Re: ECF No. 9

Pro Se Plaintiff Daniel Powell, proceeding in forma pauperis, has filed an amended complaint. ECF No. 9. The amended complaint alleges a "malicious prosecution effort by organizer Defendant Pool in Fabricated action CCH-25-587847, which was ordered to convene for MALICIOUS PURPOSES by a Visiting Judge, Cecelia P. Castellanos." ECF No. 9 ¶ 1. It alleges that "Vising Clandestine Judge" Barbara A. Zuniga subsequently presided over the "malicious matter" and ultimately "entered the MALICIOUS RESTRAINING ORDER." *Id*. ¶ 2. The superior court then "SCRUBBED the MALICIOUS MATTER from the Public Record . . . in order to incessantly HARASS" Powell. *Id*. ¶ 3. Another "Visiting Clandestine Judge, Cindee Mayfield, . . . pigeounholed [sic] that case . . . by way of Sustaining FRIVOLOUS DEMURRER petitioned by hired attorneys." *Id*. ¶ 4. The California Supreme Court "summarily REJECTED" review, "in congruence with the Defendant Pool." *Id*. ¶ 5. The San Francisco Sheriff's Office also engaged in fraudulent activities impacting Powell's service requests. *Id*. ¶ 6. Finally, numerous superior court judges "toiled to Subert the Righteous Pursuit of Relief" by denying Powell's motions and "Delaying Righteous Progress." *Id*. ¶ 7.

In the Court's prior order screening and dismissing the original complaint, it noted that Powell had not provided sufficient information for the Court to discern how he was injured or by

United States District Court
Northern District of California

United States District Court
Northern District of California

whom.  ECF No. 8 at 2.  That remains true.  He does not explain the nature of the superior court proceedings against him, or why he believes those proceedings were malicious.  He does not explain what information was "scrubbed" from the public record or why such scrubbing harmed him.  He does not explain what actions or omissions by the sheriff's office were fraudulent or how they affected him.  Powell has again failed to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see Smith v. Sanchez*, No. 4:22-CV-04451-YGR, 2022 WL 17400711, at *2 (N.D. Cal. Oct. 3, 2022) ("Complaints must provide some narrative explanation with facts to allow the Court to determine whether plaintiffs have stated a claim.").

The Court also previously found that most of Powell's claims were barred by judicial immunity.  ECF No. 8 at 2 (citing *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978)).  That also remains true; all of Powell's claims based on judicial acts are barred.

Because Powell had the opportunity to address both of the aforementioned issues and failed to do so, the complaint is dismissed with prejudice.  *See Mirkooshesh v. Elie*, No. 22-CV-07615-AMO, 2024 WL 1055995, at *3 (N.D. Cal. Mar. 11, 2024) (citing *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008)).  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  May 26, 2026

_____
JON S. TIGAR
United States District Judge

2